## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FELIX MERCADO-IRIZARRY,** Petitioner  v.  **UNITED STATES OF AMERICA,** Respondent. | CIVIL NO. 19-2160(PG) Related Crim. No. 00-333[7](PG) |

## OPINION AND ORDER

Before the court is petitioner Felix Mercado Irizarry's ("Petitioner" or "Mercado") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docket No. 1) and the government's opposition (Docket No. 8). For the reasons set forth below, Petitioner's motion is **DENIED**.

### I.   BACKGROUND

On June 30, 2000, nineteen individuals, including Mercado, were indicted on one count of conspiracy to distribute in excess of one kilogram of heroin, five kilograms of cocaine, and fifty grams of cocaine base, in violation of 21 U.S.C. § 846. See Case No. 00-cr-333(PG), Docket No. 2. Defendants were charged with distributing drugs through several drug points in the Tibes Public Housing Project in Ponce, Puerto Rico, from 1992 until the return of the Indictment in 2000. After a seventeen-day jury trial, Mercado and four other co-defendants were found guilty. See Case No. 00-cr-333(PG), Docket No. 499. The court sentenced each to life imprisonment. See Case No. 00-cr-333(PG), Dockets No. 531-532. Petitioner appealed both the verdict of guilt and the life sentence. The First Circuit Court of Appeals affirmed the convictions but remanded the case for reconsideration of the sentence in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Mercado Irizarry, 404 F.3d 497, 504 (1st Cir. 2005).

Pursuant to the First Circuit's Mandate, Mercado was re-sentenced to a term of imprisonment of life and an amended judgment was entered on October 11, 2005. See Case No. 00-cr-333(PG), Dockets No. 847-848. On October 24, 2005, Petitioner filed a Notice of Appeal, but on July 18, 2007, the First Circuit affirmed his life sentence. See Case No. 00-cr-333(PG), Dockets No. 849, 957.

On January 13, 2009, Mercado filed his first Section 2255 motion alleging that his sentence was illegal and claiming ineffective assistance of counsel,[1] but this court found it was time barred and dismissed it. See Mercado-Irizarry v. United States, No. CIV. 09-1026 PG, 2013 WL 1427625 (D.P.R. Apr. 8, 2013). Almost eleven years later, on December 26, 2019, Petitioner filed a second motion to vacate under Section 2255. See Docket No. 1. On May 4, 2020, the government responded in opposition. See Docket No. 8.

## II.   STANDARD OF REVIEW

According to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack … ." 28 U.S.C. § 2255(a); Hill v. United States 368 U.S. 424 (1962); Barreto-Barreto v. United States, 551 F.3d 95, 98 (1st Cir. 2008); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The petitioner has the burden of showing entitlement to relief. See Mack v. United States, 635 F.2d 20, 26-27 (1st Cir. 1980).

---

[1] See Case No. 09-cv-1026(PG) at Docket No. 1.

### III. DISCUSSION

In his second § 2255 motion, Petitioner argues that he is entitled to be re-sentenced pursuant to § 404(a) of the First Step Act of 2018,[2] which made the Fair Sentencing Act of 2010[3] retroactive. See Docket No. 1.

#### A. *Second or Successive § 2255 Motion*

"Before a federal prisoner can file a second or successive § 2255 motion in the sentencing court, the circuit court must give permission." Brown v. United States, 906 F.3d 159, 161 (1st Cir. 2018) (citing 28 U.S.C. § 2255(h)). Pursuant to the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),[4] a federal prisoner who seeks to prosecute a second or successive section 2255 petition is required "to obtain pre-clearance, in the form of a certificate, from the court of appeals." Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (citing 28 U.S.C. § 2255(h)). "By the terms of the statute, such a certificate will be made available only if the prisoner can show that the proposed second or successive petition is based either on newly discovered evidence or a new rule of constitutional law." Id. The First Circuit has "interpreted this provision as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" Bucci v. United States, 809 F.3d 23, 26 (1st Cir. 2015) (citing Trenkler, 536 F.3d at 96).

The petition now pending was filed more than fourteen years after Mercado was resentenced, and more than six years after a previous section 2255 petition was itself deemed to be time-barred. As far as this court is concerned, no pre-clearance has been either sought or obtained in the Court of Appeals. "Consequently, the petition was an unauthorized second

---

[2] Pub. L. No. 115-391, 132 Stat. 5194 (2018).
[3] Pub. L. No. 111-220, 124 Stat. 2372 (2010).
[4] Pub. L. No. 104–132, 110 Stat. 1214 (1996).

or successive habeas petition and was foreclosed on that basis." Trenkler, 536 F.3d at 98 (citing 28 U.S.C. § 2255(h); United States v. Barrett, 178 F.3d 34, 42–45 (1st Cir.1999)).

Given this reality, this court has two choices: either dismiss the petition or transfer it to the Court of Appeals. See id. Either way, Mercado's request cannot succeed. Transferring this motion to the First Circuit Court of Appeals would be "an exercise in futility"[5] inasmuch as Petitioner's § 2255 motion is not premised on either newly discovered evidence or a new rule of constitutional law as required by section 2255(h).[6] Hence, dismissal is appropriate.

## *B. First Step Act*

A § 2255 motion is also an inadequate course to obtain the remedy he seeks. As stated, Mercado argues that he is entitled to a sentence reduction under the First Step Act. He clearly could not have raised this claim before the law was enacted in 2018. But "the proper vehicle for seeking relief under the First Step Act is not through a petition for writ but rather through a motion to reduce the sentence pursuant to 18 U.S.C. § 3582(c)." McKinnon v. Spaulding, No. 19-CV-10163-DLC, 2020 WL 1245049, at *4 (D. Mass. Mar. 13, 2020) (dismissing unauthorized successive motion to vacate). Section 3582(c) of the First Step Act provides "that the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute … ." 18 U.S.C. § 3582. With regards to this avenue of relief, "[c]ourts have noted that a § 3582(c) motion is not a civil post-conviction action, but rather a continuation of a criminal case." Ortiz Baez, 2020 WL 2968393, at *2 (quotation marks omitted)(citing Harris v. United States, Case Nos. 19-61517-CV-ZLOCH/98-06128-CR-ZLOCH, 2019 WL 4279937, at *3 (S.D. Fla. Aug. 15, 2019) (citing United States v. Brown, 817 F.3d 486, 488 (6th Cir. 2016)). "Since a § 2255 action is a collateral civil proceeding, it is not the proper means

---

[5] Trenkler, 536 F.3d at 98.
[6] "[T]he First Step Act does not constitute 'newly discovered evidence' or 'a new rule of constitutional law' which warrants authorization to file a successive petition under section 2255(h)." Ortiz Baez v. United States, Civil No. 19-1483(ADC), 2020 WL 2968393, at *2 (D.P.R. June 3, 2020)(citing United States v. Drayton, No. 10-20018-01-KHV, 2019 WL 464872, at *1-2 (D. Kan. Feb. 6, 2019)).

for obtaining relief pursuant to the First Step Act." Ortiz Baez, 2020 WL 2968393, at *2 (citing United States v. Miles, 07-cr-00890, 2019 WL 1919166 (E.D.N.Y. April 25, 2019) (holding that "Section 2255 is not the appropriate vehicle to move for resentencing under the First Step Act.")).

The related criminal docket reveals that Mercado already filed such a motion, seeking both appointment of counsel and modification of his sentence pursuant to the First Step Act of 2018. See Case No. 00-cr-333(PG), Dockets No. 1276-1277. However, the undersigned denied the same. See Case No. 00-cr-333(PG), Docket No. 1295. Seeing as this court has already denied the relief Petitioner requests, dismissal of the above-captioned claim is appropriate.

## IV.     CONCLUSION

For the reasons previously explained, the court **DENIES** Petitioner's motion under 28 U.S.C. § 2255 (Docket No. 1). The case is **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

## V.     CERTIFICATE OF APPEALABILITY

It is ordered that no certificate of appealability shall be issued if the Petitioner files a notice of appeal. There is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 24, 2020.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE**